UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LACUNA SUSTAINABLE INVESTMENTS, LLC, et al.,

Plaintiffs,

v.

VICTORY CAPITAL MANAGEMENT, INC., et al.,

Defendants.

Case No. 24-cv-07705-AMO

**ORDER GRANTING MOTION TO SEAL**

Re: Dkt. No. 125

Before the Court is Defendants Patrick Fox, Bennett Collier, Victory Capital Management, Inc., NECICF II GP, LLC, Curt Whittaker, Rath Young, & Pignatelli, P.C., and Nominal Defendants Lacuna Project Investments, LLC and Lacuna Project Investments II, LLC's (collectively, "Defendants") administrative motion to file under seal.  Dkt. No. 125.

## I.    LEGAL STANDARD

Civil Local Rule 79-5 requires that a party seeking to file a document or portions of a document under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  The request must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).  A party seeking to seal records must provide "compelling reasons" to overcome the "strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 28 1178 (9th Cir. 2006); *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  The standard derives from the "common law right 'to inspect and copy public records and documents, including judicial records and documents.' " *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

United States District Court
Northern District of California

(quoting *Kamakana*, 447 F.3d at 1178). To overcome this strong presumption, the party seeking to seal judicial records must "articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations omitted). The party must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). It is in the "sound discretion of the trial court" to determine what constitutes a "compelling reason" for sealing a court document. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Compelling reasons justifying sealing court records generally exist when the "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets," *Kamakana*, 447 F.3d at 1179, or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097. Compelling reasons must exist to seal records attached to motions that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

## II.    DISCUSSION

Defendants seek to seal portions of an arbitration award and portions of their motion for judgment on the pleadings. Dkt. No. 125 at 4. The Court finds sealing is proper because (1) Defendants have a legitimate interest in sealing; (2) Defendants may be injured if sealing is denied; and (3) Defendants' request is narrowly tailored.

First, the redacted portions of the award and the motion contain confidential business information concerning the Defendants' investments. Defendants have a legitimate interest in the competitiveness of their investments and maintaining the competitiveness of the investments requires ensuring that competitors cannot exploit sensitive information regarding those investments. This interest justifies sealing. *VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2023 WL 9187549, at *2 (N.D. Cal. Oct. 24, 2023) (finding identities of investment entities were properly sealable).

United States District Court
Northern District of California

Second, making the redacted portions of the award and motion public could damage Defendants. The redacted portions of the award and motion, if made public, could impact Defendants' ability to do business as potential competitors could exploit this information to gain a competitive advantage. This constitutes a legitimate injury. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (granting motion to seal information about company's profits, losses, income, investments, and expenses).

Finally, Defendants move to file under seal only discrete portions of the award and the motion that contain confidential business information concerning the Defendants' investments. These redactions are narrowly tailored to conceal no more information than is necessary and they "do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims." *In re Qualcomm Litig.*, No. 3:17-CV-00108-GPC-MDD, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019).

For the foregoing reasons, the Court **ORDERS** as follows:

| Document title or description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Dkt. No. of Decl. in support of sealing | Party with burden to substantiate need to seal | Full or partial sealing sought | Brief statement of reasons for sealing | Granted / Denied |
|---|---|---|---|---|---|---|---|
| Defendants' Motion for Judgment on the Pleadings and Memorandum of Points and Authorities in Support | 126 | 125-3 | 125-2 | Defendants | Partial | Contains confidential information of parties. | **GRANTED** |
| Second Corrected JAMS Arbitration Award | 126-3 | 125-4 | 125-2 | Defendants | Partial | Contains confidential information of parties. | **GRANTED** |

**IT IS SO ORDERED.**

Dated: May 8, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3